■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH INGOGLIA, JR., Appellant. [759 NYS2d 620] —Appeal from an order of Monroe County Court (Maloy, J.), entered December 10, 2001, which denied defendant's motion pursuant to CPL 440.10 seeking, inter alia, to vacate the judgment of conviction.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously reversed on the law, the sentence is vacated and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order denying his motion pursuant to CPL 440.10 seeking, inter alia, to vacate the judgment of conviction on the ground that his plea of guilty was not knowing and voluntary or, in the alternative, to vacate the sentence. Defendant pleaded guilty to grand larceny in the third degree (Penal Law § 155.35) and was sentenced to a term of imprisonment of 3½ to 7 years. County Court advised defendant at the time of the plea and at sentencing that, although it could not direct that the sentence was to run concurrently with a prior undischarged sentence, it would recommend that the sentence so run. The court further advised defendant that the determination whether the sentence would run concurrently was "up to [the Division of Parole]." The commitment stated that the sentence was to run concurrently with that prior undischarged sentence, thereby creating an illegal sentence (*see* § 70.25 [2-a]). The Department of Corrections notified the court that the sentence imposed was illegal, and the court thereafter sua sponte issued an amended commitment imposing a term of imprisonment of 3½ to 7 years and recommending that the term run concurrently with the undischarged term of the prior sentence. In denying defendant's motion pursuant to CPL 440.10, the court erred in determining that it had the inherent power to correct the error on the ground that "the corrected sentence fell within the range initially stated by the court" (*People v DeValle,* 94 NY2d 870, 872 [2000]). Here, "[t]he record demonstrates that the defendant's plea was entered into upon the mistaken belief of the court and the parties that the Division of Parole possessed the discretion to run any undischarged sentence concurrently with the negotiated sentence imposed in this case. The plea was further expressly conditioned upon the court's recommendation that those terms run concurrently" (*People v Scott,* 237 AD2d 543, 544 [1997], *lv denied* 89 NY2d 1100 [1997]). Because the term imposed herein was required to run consecutively to the prior undischarged term, we conclude that the court should have vacated the sentence. We further conclude that the court should have afforded defendant the opportunity to withdraw his plea, "based upon [the] mutual mistake with regard to the sentence" (*id.*). We therefore reverse the order, vacate the sentence, and we remit the matter to Monroe County Court to afford defendant the opportunity to withdraw his plea or, in the event that defendant does not withdraw his plea, for resentencing. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.