THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERNANDO BURNEY, Appellant. [816 NYS2d 266]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered December 5, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [2]), defendant contends that he should have been afforded the opportunity to withdraw his plea of guilty based upon a mutual mistake, i.e., the mistaken belief that defendant was a second felony offender. Defendant thus contends that his plea was not knowingly, voluntarily or intelligently entered. The record establishes that, at the time of the plea, Supreme Court agreed to sentence defendant as a second felony offender to a determinate term of incarceration of five years but that, at sentencing, the People informed the court that defendant was not in fact a second felony offender. Although defendant's contention survives the waiver of the right to appeal, defendant did not object to the sentence, nor did he move to withdraw his plea or to vacate the judgment of conviction, and thus defendant failed to preserve his contention for our review (*see People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]; *cf. People v Ingoglia*, 305 AD2d 1002 [2003], *lv denied* 100 NY2d 583 [2003]). Indeed, the record establishes that defense counsel asked at sentencing "that the

court at the very least follow through on its commitment to a five year sentence," although he further asked the court to reduce the sentence to "as low as two years" inasmuch as defendant was not a second felony offender. Thus, even assuming, arguendo, that defendant's contention is properly before us, we would nevertheless conclude that defendant is not entitled to the relief sought. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.