■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YEHUDAH T. DAVIS, SR., Appellant. [829 NYS2d 791]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered October 17, 2005. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Orleans County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [2]). By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that he raised possible justification and intoxication defenses during his plea colloquy and thus that County Court erred in failing to conduct a sufficient inquiry to ensure that the plea was knowingly, voluntarily and intelligently entered (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Simpson*, 19 AD3d 945 [2005]; *People v Simmons*, 294 AD3d 928 [2002], *lv denied* 98 NY2d 702 [2002]). This is not one of those rare cases "where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" to obviate the pres-

ervation requirement (*Lopez*, 71 NY2d at 666; *see also People v Rodriguez*, 17 AD3d 1127, 1129 [2005], *lv denied* 5 NY3d 768 [2005]). In any event, the court's inquiry was sufficient to ensure that there was no possibility of a justification or intoxication defense and thus that defendant's plea was knowingly, voluntarily and intelligently entered (*see People v Spickerman*, 307 AD2d 774 [2003], *lv denied* 100 NY2d 624 [2003]).

Finally, we conclude that the court erred in directing that the determinate sentence of imprisonment of five years run concurrently with a sentence of imprisonment of 1 to 3 years on a prior felony conviction without providing a statement on the record of the facts and circumstances warranting that determination. Defendant committed the instant offense while released on bail or recognizance pending the disposition of the prior felony offense, and thus, in the absence of certain mitigating factors, the court was required to order that the sentence run consecutively to the sentence imposed upon the prior felony conviction (*see* Penal Law § 70.25 [2-b]; *People v Garcia*, 84 NY2d 336 [1994]). "Although this issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand" (*People v Price*, 140 AD2d 927, 928 [1988]; *see People v Swan*, 158 AD2d 158, 163 [1990], *lv denied* 76 NY2d 991 [1990]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.