■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL LEE, Appellant. [881 NYS2d 355]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered April 19, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Inasmuch as defendant was sentenced as a second felony offender, the People correctly concede that the sentence is illegal insofar as County Court ordered the sentence to run concurrently with a prior undischarged sentence (*see* § 70.25 [former (2-a)]; *People ex rel. Gill v Greene*, 12 NY3d 1, 6 [2009]; *People v Ingoglia*, 305 AD2d 1002, 1003 [2003], *lv denied* 100 NY2d 583 [2003]). The People contend, however, that defendant is receiving the benefit of his plea bargain because the Department of Correctional Services has not corrected the error, and defendant therefore should not be permitted to challenge the legality of the sentence. We reject that contention, in view of the well settled principle that " 'we cannot allow an [illegal] sentence to stand' " (*People v Davis*, 37 AD3d 1179, 1180 [2007], *lv denied* 8 NY3d 983 [2007]). Thus, we modify the judgment by vacating the sentence, and we remit the matter to County Court to afford defendant the opportunity to withdraw his plea or to be resentenced as a second felony offender in compliance with Penal Law § 70.25 (former [2-a]) (*see People v Ciccarelli*, 32 AD3d 1175 [2006]; *Ingoglia*, 305 AD2d at 1003). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.