■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY FRAZIER, Appellant. [894 NYS2d 305]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 20, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, criminal possession of a weapon in the third degree and aggravated criminal contempt.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence

imposed for assault in the second degree and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for resentencing on the conviction of assault in the second degree.

Memorandum: Defendant appeals from a judgment convicting him of, inter alia, assault in the second degree (Penal Law § 120.05). Defendant failed to preserve for our review his contention that the conviction with respect to the assault count is not supported by legally sufficient evidence because his motions for trial orders of dismissal were not specifically directed toward the ground raised on appeal (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, we reject defendant's contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of that count as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Finally, as the People correctly concede, County Court erred in failing to include a period of postrelease supervision when it imposed the sentence for assault in the second degree. " 'Although this issue was not raised [by defendant] before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand' " (*People v Davis*, 37 AD3d 1179, 1180 [2007], *lv denied* 8 NY3d 983 [2007]). "Because [the sentencing court] failed to pronounce the term of defendant's mandatory postrelease supervision in his presence, this matter must be remitted . . . for a resentencing proceeding" (*People v Collado*, 11 NY3d 888, 889 [2008]). We therefore modify the judgment by vacating the sentence imposed for assault in the second degree, and we remit the matter to County Court for resentencing on the conviction of assault in the second degree. Present—Smith, J.P., Fahey, Carni and Green, JJ.