# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**748**

**KA 10-00389**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

MAURICE HENDRICKS, ALSO KNOWN AS MAURICE
SAVAGE, ALSO KNOWN AS "RICO,"
DEFENDANT-APPELLANT.

---

DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered November 19, 2008.  The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that County Court erred in accepting his plea without conducting a further inquiry into a possible justification defense.  By failing to move to withdraw the plea or to vacate the judgment of conviction, however, defendant failed to preserve that contention for our review (*see People v Davis*, 37 AD3d 1179, *lv denied* 8 NY3d 983), and "[t]his is not one of those rare cases 'where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea' to obviate the preservation requirement" (*id.* at 1180-1181, quoting *People v Lopez*, 71 NY2d 662, 666).  Although defendant initially stated during the plea colloquy that he shot the victim because the victim had threatened defendant's life, defendant explained upon further inquiry that he was operating a motor vehicle when he observed the victim walking down the street, whereupon defendant exited his car and chased the victim before shooting him in the foot while the victim was running away.  Those further statements

by defendant negated any possibility of a viable justification
defense.

Entered:  June 17, 2011                          Patricia L. Morgan
                                                Clerk of the Court