# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

6

KA 08-01799

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                          V                          MEMORANDUM AND ORDER

ALINA PHELPS, DEFENDANT-APPELLANT.

---

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR DEFENDANT-APPELLANT.

JOHN C. TUNNEY, DISTRICT ATTORNEY, BATH, FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered May 14, 2008. The judgment convicted defendant, upon her plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Steuben County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). We agree with defendant that County Court erred in directing that the determinate sentence of imprisonment of four years for the instant offense run concurrently with a determinate sentence of imprisonment of three years imposed on a prior felony conviction without making "a statement on the record of the facts and circumstances" warranting that determination (§ 70.25 [former (2-b)]; *see People v Davis*, 37 AD3d 1179, 1180, *lv denied* 8 NY3d 983). Defendant committed the instant offense while released on bail or recognizance pending sentencing on the prior felony and, thus, in the absence of mitigating factors set forth on the record, the court was required to direct that the sentence run consecutively to the sentence imposed on the prior felony conviction (*see* § 70.25 [former (2-b)]; *Davis*, 37 AD3d at 1180). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to afford defendant the opportunity to withdraw her plea or to be resentenced in compliance with Penal Law § 70.25 (former [2-b]) (*see People v Lee*, 64 AD3d 1236, 1237).

Entered: January 31, 2012                    Frances E. Cafarell
                                             Clerk of the Court