People v Clark (2025 NY Slip Op 07203)

People v Clark

2025 NY Slip Op 07203

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

993 KA 24-00897

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAUN H. CLARK, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Jon E. Budelmann, A.J.), rendered February 15, 2024. The judgment convicted defendant upon his plea of guilty of criminal contempt in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the second degree (Penal Law § 215.50 [3]). Defendant failed to preserve for our review his contention that his Alford plea was not knowingly and voluntarily entered inasmuch as he did not move to withdraw his guilty plea or to vacate the judgment of conviction (see People v Rivers, 145 AD3d 1591, 1592 [4th Dept 2016], lv denied 29 NY3d 952 [2017]; People v Davis, 37 AD3d 1179, 1179 [4th Dept 2007], lv denied 8 NY3d 983 [2007]). This case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). Once defendant made statements that possibly raised a defense to the charge, County Court fulfilled its duty to conduct further inquiry to ensure that the plea was entered knowingly, voluntarily and intelligently" (People v McGrail, 42 AD3d 962, 963 [4th Dept 2007], lv denied 9 NY3d 878 [2007] [internal quotation marks omitted]; see People v Zodarecky, 15 AD3d 861, 862 [4th Dept 2005]). In any event, the record demonstrates that the Alford plea "was the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt" (Rivers, 145 AD3d at 1592 [internal quotation marks omitted]; see McGrail, 42 AD3d at 963).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court