■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD L. MORGAN, Appellant. [872 NYS2d 342]—Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered February 4, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of criminal contempt in the second degree (Penal Law § 215.50 [3]). Contrary to the contention of defendant, he knowingly, intelligently and voluntarily waived his right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Seaberg*, 74 NY2d 1, 11 [1989]). That valid waiver of the right to appeal encompasses defendant's challenge to the factual sufficiency of the plea allocution (*see People v Spikes*, 28 AD3d 1101, 1102 [2006], *lv denied* 7 NY3d 818 [2006]; *People v Bland*, 27 AD3d 1052 [2006], *lv denied* 6 NY3d 892 [2006]; *People v White*, 24 AD3d 1220 [2005], *lv denied* 6 NY3d 820 [2006]), as well as defendant's challenge to the severity of the sentence (*see Lopez*, 6 NY3d at 256; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Although the contention of defendant with respect to the voluntariness of his plea survives his valid waiver of the right to appeal (*see Seaberg*, 74 NY2d at 11), defendant failed to preserve that contention for our review (*see People v Collins*, 45 AD3d 1472 [2007], *lv denied* 10 NY3d 861 [2008]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), and this case does not fall within the nar-

row exception to the preservation doctrine (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Sharp*, 56 AD3d 1230 [2008]). Present—Martoche, J.P., Fahey, Green and Pine, JJ.