# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1360

KA 10-01771

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CURTIS W. ZOLNER, DEFENDANT-APPELLANT.

---

JAMES L. DOWSEY, III, WEST VALLEY, FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered July 19, 2010. The judgment convicted defendant, upon his plea of guilty, of aggravated vehicular assault and driving while intoxicated, a misdemeanor.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of aggravated vehicular assault (Penal Law § 120.04-a [2] [a]) and driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). The valid waiver by defendant of his right to appeal encompasses his contention that County Court erred in refusing to suppress his statement to the police (*see People v Kemp*, 94 NY2d 831, 833; *People v Spencer*, 87 AD3d 1284, 1285), as well as his challenge to the factual sufficiency of the plea allocution (*see People v Simcoe*, 74 AD3d 1858, *lv denied* 15 NY3d 778). Defendant's further contention that he was denied effective assistance of counsel with respect to both assigned and retained defense counsel does not survive the plea or valid waiver of the right to appeal inasmuch as "defendant failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [the] allegedly poor performance[s by defense counsel]" (*People v Paduano*, 84 AD3d 1730, 1731 [internal quotation marks omitted]; *see People v Bellamy*, 85 AD3d 1395).

Defendant's contention that he was penalized for exercising his right to be represented by counsel of his own choosing does not implicate the voluntariness of the plea and thus it is also encompassed by his valid waiver of the right to appeal (*see People v Doyle*, 82 AD3d 564, *lv denied* 17 NY3d 805). In any event, that contention is belied by the record (*see generally People v Arroyave*, 49 NY2d 264, 270). Finally, although the further contention of defendant with respect to the voluntariness of his plea survives his

waiver of the right to appeal, he failed to preserve that contention for our review, and this case does not fall within the narrow exception to the preservation requirement (*see People v Morgan*, 59 AD3d 950, *lv denied* 12 NY3d 857).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court