# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

719

KA 11-01075

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROCKIE JONES, JR., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered October 12, 2010. The judgment convicted defendant, upon his plea of guilty, of aggravated driving while intoxicated.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the plea is vacated, and the matter is remitted to Erie County Court for further proceedings on the superior court information.

Memorandum: On appeal from a judgment convicting him, upon a plea of guilty, of one count of aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [b]), defendant contends his plea was not knowingly, voluntarily or intelligently entered because County Court failed to inform him of a direct consequence of his plea. We agree. We therefore reverse the judgment, vacate the plea and remit the matter to County Court for further proceedings on the superior court information.

Even though defendant was required to preserve his contention for our review through a motion "to withdraw the plea or to vacate the judgment of conviction" (*People v Dillon*, 90 AD3d 1468, 1468, *lv denied* 19 NY3d 1025; *see People v Gerald*, 103 AD3d 1249, 1249), we note that the People do not oppose reversal, and we exercise our power to review this contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

It is well settled that, in order for a plea to be knowingly, voluntarily and intelligently entered, a defendant must be advised of the direct consequences of that plea (*see People v Harnett*, 16 NY3d

200, 205; *People v Catu*, 4 NY3d 242, 244). "The direct consequences of a plea—those whose omission from a plea colloquy makes the plea per se invalid—are essentially the core components of a defendant's sentence: a term of probation or imprisonment, a term of postrelease supervision, *a fine*" (*Harnett*, 16 NY3d at 205 [emphasis added]). The People concede that defendant was not informed that a fine, i.e., a direct consequence of the plea, would be imposed at any time before sentencing was pronounced and, therefore, reversal is required (*see id.*).

Entered: June 13, 2014

Frances E. Cafarell
Clerk of the Court