■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. SABINS, Appellant. [11 NYS3d 506]—The case is held, the decision is reserved, the motion to relieve counsel of assignment is granted and new counsel is to be assigned. Memorandum: Defendant was convicted upon his guilty plea of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). Defendant's assigned appellate counsel has moved to be relieved of the assignment pursuant to *People v Crawford* (71 AD2d 38 [1979]). We conclude that there is a nonfrivolous issue as to whether defendant's plea was knowing, voluntary and intelligent, concerning whether defendant was advised of the direct consequences of his plea (*see generally People v Jones*, 118 AD3d 1360, 1361 [2014]). We therefore relieve counsel of his assignment and assign new counsel to brief this issue, as well as any other issues that counsel's review of the record may disclose. (Appeal from a Judgment of the Steuben County Court, Joseph W. Latham, J.—Criminal Possession of a Forged Instrument, 2nd Degree). Present—Scudder, P.J., Carni, Lindley, Valentino and Whalen, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. SABINS, Appellant. [11 NYS3d 507]—The case is held, the decision is reserved, the motion to relieve counsel of assign-

ment is granted and new counsel is to be assigned. Memorandum: Defendant was convicted upon his guilty plea of robbery in the third degree (Penal Law § 160.05). Defendant's assigned appellate counsel has moved to be relieved of the assignment pursuant to *People v Crawford* (71 AD2d 38 [1979]). We conclude that there is a nonfrivolous issue as to whether defendant's plea was knowing, voluntary and intelligent, concerning whether defendant was advised of the direct consequences of his plea (*see generally People v Jones*, 118 AD3d 1360, 1361 [2014]), and whether the written plea agreement called for consecutive sentencing in relation to another sentence imposed at the same time, as stated during the plea proceedings and at sentencing. We therefore relieve counsel of his assignment and assign new counsel to brief this issue, as well as any other issues that counsel's review of the record may disclose. (Appeal from a Judgment of the Steuben County Court, Joseph W. Latham, J.—Robbery, 3rd Degree). Present—Scudder, P.J., Carni, Lindley, Valentino and Whalen, JJ.