1508

(Appeal from a Judgment of the Niagara County Court, Sara S. Farkas, J.—Attempted Robbery, 2nd Degree). Present—Scudder, P.J., Carni, Lindley, Valentino and Whalen, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. SABINS, Appellant. [11 NYS3d 506]—The case is held, the decision is reserved, the motion to relieve counsel of assignment is granted and new counsel is to be assigned. Memorandum: Defendant was convicted upon his guilty plea of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). Defendant's assigned appellate counsel has moved to be relieved of the assignment pursuant to *People v Crawford* (71 AD2d 38 [1979]). We conclude that there is a nonfrivolous issue as to whether defendant's plea was knowing, voluntary and intelligent, concerning whether defendant was advised of the direct consequences of his plea (*see generally People v Jones*, 118 AD3d 1360, 1361 [2014]). We therefore relieve counsel of his assignment and assign new counsel to brief this issue, as well as any other issues that counsel's review of the record may disclose. (Appeal from a Judgment of the Steuben County Court, Joseph W. Latham, J.—Criminal Possession of a Forged Instrument, 2nd Degree). Present—Scudder, P.J., Carni, Lindley, Valentino and Whalen, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. SABINS, Appellant. [11 NYS3d 506]—The case is held, the decision is reserved, the motion to relieve counsel of assignment is granted and new counsel is to be assigned. Memorandum: Defendant was convicted upon his guilty plea of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). Defendant's assigned appellate counsel has moved to be relieved of the assignment pursuant to *People v Crawford* (71 AD2d 38 [1979]). We conclude that there is a nonfrivolous issue as to whether defendant's plea was knowing, voluntary and intelligent, concerning whether defendant was advised of the direct consequences of his plea (*see generally People v Jones*, 118 AD3d 1360, 1361 [2014]). We therefore relieve counsel of his assignment and assign new counsel to brief this issue, as well as any other issues that counsel's review of the record may disclose. (Appeal from a Judgment of the Steuben County Court, Joseph W. Latham, J.—Criminal Possession of a Forged Instrument, 2nd Degree). Present—Scudder, P.J., Carni, Lindley, Valentino and Whalen, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. SABINS, Appellant. [11 NYS3d 507]—The case is held, the decision is reserved, the motion to relieve counsel of assign-