# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1142**
**KA 14-00127**
PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

ALAN D. NEAL, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

ALAN D. NEAL, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered January 10, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class D felony.

It is hereby ORDERED that the judgment so appealed from is modified on the law and as a matter of discretion in the interest of justice by vacating the fine, and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of driving while intoxicated as a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]), defendant contends in his main brief that his plea was not knowing, intelligent, and voluntary because County Court failed to advise him of the amount of the fine to be imposed before he pleaded guilty. Although that contention survives defendant's waiver of the right to appeal, defendant failed to move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve his contention for our review (*see People v Watkins*, 77 AD3d 1403, 1403, *lv denied* 15 NY3d 956; *People v Baker*, 49 AD3d 1293, 1293, *lv denied* 10 NY3d 932). Contrary to defendant's further contention, the court advised him at the time of the plea that it could impose a fine in addition to a term of incarceration, and thus preservation was required (*see generally People v Murray*, 15 NY3d 725, 726-727).

As the People correctly concede, however, the court erred in imposing a $1,500 fine. Vehicle and Traffic Law § 1193 (1) (c) (ii) provides that a person convicted of driving while intoxicated as a class D felony "shall be punished by a fine of not less than two

thousand dollars nor more than ten thousand dollars or by a period of imprisonment as provided in the penal law, or by both such fine and imprisonment."  The court therefore had the authority to impose a fine and a sentence of imprisonment, but was required to impose a minimum fine of $2,000 if it chose to impose any fine.  We cannot allow the $1,500 illegal fine to stand (*see generally People v VanValkinburgh*, 90 AD3d 1553, 1554) and, as a matter of discretion in the interest of justice, we conclude that no fine should be imposed.  We therefore modify the judgment by vacating the fine.

With respect to the jurisdictional challenges to the felony complaint and his arraignment thereon in the pro se supplemental brief, "[t]he felony complaint was superseded by the indictment to which defendant pleaded guilty, and he therefore may not challenge the felony complaint" (*People v Anderson*, 90 AD3d 1475, 1477, *lv denied* 18 NY3d 991; *see People v Mitchell*, 132 AD3d 1413, 1416, *lv denied* 27 NY3d 1072).  Defendant's valid waiver of the right to appeal encompasses his challenges in his pro se supplemental brief to the court's suppression rulings (*see People v Kemp*, 94 NY2d 831, 833).  Furthermore, the remaining contentions in defendant's pro se supplemental brief do not " 'implicate the voluntariness of the plea and thus [they are] also encompassed by his valid waiver of the right to appeal' " (*People v Russell*, 128 AD3d 1383, 1384, *lv denied* 25 NY3d 1207).

All concur except NEMOYER and SCUDDER, JJ., who dissent in part and vote to modify in accordance with the following memorandum:  We respectfully dissent in part.  Vehicle and Traffic Law § 1193 (1) (c) (ii) provides that a person convicted of driving while intoxicated as a class D felony "shall be punished by a fine of not less than two thousand dollars nor more than ten thousand dollars or by a period of imprisonment as provided in the penal law, or by both such fine and imprisonment."

Here, we agree with the majority that County Court erred in imposing a fine of $1,500, $500 less than the minimum prescribed by the statute, and that we cannot allow the illegal fine to stand.  We depart from the majority's reasoning, however, with regard to the appropriate remedy for the illegal sentence.  Rather than concluding "as a matter of discretion in the interest of justice" that no fine should be imposed in this case, we believe that the fine should be vacated and that the matter should be remitted to Monroe County Court for resentencing (*see People v Smith*, 309 AD2d 1282, 1282).

Entered:  March 24, 2017                                    Frances E. Cafarell
                                                           Clerk of the Court