Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered August 22, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class D felony, aggravated unlicensed operation of a motor vehicle in the first degree and driving a vehicle not equipped with an ignition interlock device.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, among other things, driving while intoxicated (DWI) as a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]). Defendant contends that his plea was not knowing, intelligent, and voluntary because, before he pleaded guilty, County Court failed to inform him of the amount of the fine to be imposed and to advise him that, following his indeterminate term of imprisonment, he would be subject to a three-year conditional discharge, during which he would be required to install and maintain an ignition interlock device (IID) in his vehicle. It is undisputed that defendant’s contention concerning the voluntariness of the plea survives his waiver of the right to appeal (see People v Neal, 148 AD3d 1699, 1700 [2017], lv denied 29 NY3d 1084 [2017]). Nonetheless, even assuming, arguendo, that the conditional discharge, like the fine, was a direct consequence of the plea, thereby requiring the court to advise defendant of such at the time of the plea (see People v Panek, 104 AD3d 1201, 1202 [2013], lv denied 21 NY3d 1018 [2013]; see generally Penal Law § 60.21; People v Harnett, 16 NY3d 200, 205 [2011]; People v Ford, 86 NY2d 397, 403 [1995]), we conclude that defendant was required to preserve his contention for our review, and he failed to do so.
 

 Here, the court informed defendant during the plea proceeding that the matter would be transferred to the Rochester Drug Treatment Court (drug court), but that if defendant was terminated from the diversion program without successfully completing it, he would be subject to, among other things, concurrent terms of imprisonment with a cap of 2 to 6 years on the DWI charge, installation of an IID in his vehicle, and imposition of a fine. The court did not state the amount of the fine or that the installation of an IID would be effectuated through a three-year conditional discharge following defendant’s indeterminate term of imprisonment. One week later, defendant appeared in drug court with defense counsel, and they both signed a Drug Treatment Court Felony Diversion Contract (Contract) on that date. Defendant initialed each of the enumerated conditions in the Contract, including a provision in which he expressly acknowledged that his termination from the diversion program would result in, among other things, a term of imprisonment capped at 2 to 6 years followed by a three-year conditional discharge with installation of an IID in his vehicle, and a fine. Defense counsel certified that she had explained to defendant his rights as affected by the Contract. Defendant was terminated from the diversion program after several months of participation, and he was sentenced by County Court over nine months after he initially appeared in drug court and executed the Contract.
 

 The record thus establishes that defendant was made aware shortly after the plea and well before sentencing that, if he was terminated from the drug court diversion program, his sentence would include a consecutive three-year conditional discharge with the condition that an IID be installed in his vehicle. Inasmuch as defendant had a reasonable opportunity to challenge the validity of the plea on the ground that the court failed to advise him before he pleaded guilty of the conditional discharge, we conclude that defendant was required to preserve that challenge for our review (see People v Williams, 27 NY3d 212, 219-223 [2016]; People v Crowder, 24 NY3d 1134, 1136-1137 [2015]; People v Murray, 15 NY3d 725, 726-727 [2010]; cf. People v Louree, 8 NY3d 541, 545-546 [2007]). He failed to do so, however, because he did not move to withdraw the plea or otherwise object to the imposition of the conditional discharge (see Williams, 27 NY3d at 214; Crowder, 24 NY3d at 1136-1137). Likewise, inasmuch as the court advised defendant during the plea colloquy that it would impose a fine and defendant acknowledged in the Contract that a fine would be a component of his sentence if he was terminated from the diversion program, we conclude that defendant had a reasonable opportunity to challenge the plea on the ground that the court failed to advise him of the amount of the fine, and thus preservation was also required for that challenge (see Neal, 148 AD3d at 1700). “By failing to seize upon the[ ] opportunities to object or seek additional pertinent information,” defendant failed to preserve for our review his contention concerning the voluntariness of the plea (Williams, 27 NY3d at 223; see Murray, 15 NY3d at 727), and we decline defendant’s request to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
 

 Present— Smith, J.P., Peradotto, Lindley, DeJoseph and Winslow, JJ.