■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER RODRIGUEZ, Appellant. [65 NYS3d 877]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered March 26, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (three counts) and attempted assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and one count of attempted assault in the first degree (§§ 110.00, 120.10 [1]). Contrary to defendant's contention, he knowingly, intelligently, and voluntarily waived the right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]). County Court "expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal, and the court did not conflate that right with those automatically forfeited by a guilty plea" (*People v McCrea*, 140 AD3d 1655,

1655 [4th Dept 2016], *lv denied* 28 NY3d 933 [2016] [internal quotation marks omitted]; *see People v Mills*, 151 AD3d 1744, 1745 [4th Dept 2017], *lv denied* 29 NY3d 1131 [2017]). The valid waiver of the right to appeal encompasses defendant's challenge to the factual sufficiency of the plea allocution (*see McCrea*, 140 AD3d at 1655), and, in any event, that challenge is not preserved for our review because defendant did not move to withdraw the plea or to vacate the judgment of conviction (*see id.* at 1655-1656; *see generally People v Lopez*, 71 NY2d 662, 665 [1988]).

To the extent that defendant challenges the voluntariness of his plea, that contention, although not precluded by the valid waiver of the right to appeal (*see People v Neal*, 148 AD3d 1699, 1699-1700 [4th Dept 2017], *lv denied* 29 NY3d 1084 [2017]), is similarly unpreserved for our review "inasmuch as defendant did not move to withdraw the plea or vacate the judgment of conviction (*see* CPL 220.60 [3]; *see also* CPL 440.10), and nothing on the face of the record calls into question the voluntariness of the plea or casts significant doubt upon defendant's guilt" (*People v Karlsen*, 147 AD3d 1466, 1468 [4th Dept 2017], *lv denied* 29 NY3d 1082 [2017]).

Defendant further contends that the waiver of the right to appeal does not encompass his challenge to the severity of his sentence (*see generally People v Maracle*, 19 NY3d 925, 927-928 [2012]). Although the court, during its oral colloquy, referenced defendant's "right . . . to appeal th[e] conviction" without referencing his right to challenge the severity of the sentence, we note that defendant executed and acknowledged in open court a written waiver of the right to appeal, in which he specifically agreed to waive "any issue relating to the conviction or sentence." Thus, we reject defendant's contention (*see People v Morales*, 148 AD3d 1638, 1639 [4th Dept 2017], *lv denied* 29 NY3d 1083 [2017]; *cf. People v Cook*, 147 AD3d 1387, 1387-1388 [4th Dept 2017], *lv denied* 29 NY3d 996 [2017]). Present—Smith, J.P., Carni, Lindley, Curran and Troutman, JJ.