People v Steinbrecher (2019 NY Slip Op 00994)





People v Steinbrecher


2019 NY Slip Op 00994


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


28 KA 16-02165

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEWIS J. STEINBRECHER, JR., DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Oswego County (James W. McCarthy, J.), rendered September 28, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]). The plea was conducted by County Court, and the proceeding was later transferred to Supreme Court for sentencing. Contrary to defendant's contention, he knowingly, intelligently, and voluntarily waived his right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]). The record of the plea proceeding establishes that the court engaged him in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice . . . , and informed him that the waiver was a condition of the plea agreement" (People v Snyder, 151 AD3d 1939, 1939 [4th Dept 2017] [internal quotation marks omitted]). The valid waiver of the right to appeal encompasses defendant's challenges to the factual sufficiency of the plea allocution (see People v Tyo, 140 AD3d 1697, 1698 [4th Dept 2016], lv denied 28 NY3d 1127 [2016]; People v Gardner, 101 AD3d 1634, 1634-1635 [4th Dept 2012]). Defendant's contention that the plea was involuntary because he was confused at the time of the plea, he was coerced into pleading guilty, and he was innocent survives the waiver of the right to appeal (see People v Cyganik, 154 AD3d 1336, 1337 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]), and he preserved that contention for our review through his motion to withdraw the plea (see generally People v Lopez, 71 NY2d 662, 665 [1988]). Defendant's contention, however, is belied by his responses during the plea colloquy (see People v McCullen, 162 AD3d 1661, 1661 [4th Dept 2018]). We reject defendant's related contention that the courts abused their discretion in denying his motion and renewed motion to withdraw the plea (see People v Haffiz, 19 NY3d 883, 884 [2012]; People v Dale, 142 AD3d 1287, 1289 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]).
Defendant failed to preserve for our review his contention that the sentencing court erred in failing to redact the presentence report (see Tyo, 140 AD3d at 1698; People v Tolliver, 55 AD3d 1302, 1302 [4th Dept 2008]). Defendant made only general complaints about the report, did not set forth any specific arguments, and made no motion to redact the report (see Tyo, 140 AD3d at 1698). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Finally, the valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence (see People v Carr, 147 AD3d 1506, 1506 [4th Dept 2017], lv denied 29 NY3d 1030 [2017]; cf. People v Maracle, 19 NY3d 925, 928 [2012]; see generally Lopez, 6 NY3d at 255-256).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court