People v Tung Nguyen (2021 NY Slip Op 00724)





People v Tung Nguyen


2021 NY Slip Op 00724


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


846 KA 14-01895

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TUNG NGUYEN, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered August 5, 2014. The judgment convicted defendant upon his plea of guilty of aggravated driving while intoxicated, driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, reckless endangerment in the second degree, resisting arrest and leaving the scene of a property damage incident without reporting. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, felony aggravated driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2-a] [a]; 1193 [1] [c] [ii]). Defendant contends that reversal of the judgment and vacatur of the plea are required because, before he pleaded guilty, Supreme Court failed to inform him that a fine would be imposed and failed to advise him that, following his indeterminate term of imprisonment, he would be subject to a mandatory three-year period of conditional discharge, during which he would be required to install and maintain an ignition interlock device in his vehicle (see generally Penal Law § 60.21; People v Cyganik, 154 AD3d 1336, 1337-1338 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]; People v Panek, 104 AD3d 1201, 1201 [4th Dept 2013], lv denied 21 NY3d 1018 [2013]). We agree.
"It is well settled that, in order for a plea to be knowingly, voluntarily and intelligently entered, a defendant must be advised of the direct consequences of that plea" (People v Jones, 118 AD3d 1360, 1361 [4th Dept 2014]; see People v Harnett, 16 NY3d 200, 205 [2011]; People v Catu, 4 NY3d 242, 244 [2005]). "The direct consequences of a plea—those whose omission from a plea colloquy makes the plea per se invalid—are essentially the core components of a defendant's sentence: a term of probation or imprisonment, a term of postrelease supervision, a fine" (Harnett, 16 NY3d at 205), and the failure to advise a defendant at the time of his or her guilty plea of a direct consequence of that plea "requires that [the] plea be vacated" (Catu, 4 NY3d at 244; see People v Jordan, 169 AD3d 1357, 1358 [4th Dept 2019]). Here, defendant was advised of the fine and mandatory conditional discharge for the first time immediately prior to sentencing, when the prosecutor stated that defendant would be required to pay "all mandatory fines [and] surcharges" and that the period of incarceration "would be followed by a conditional discharge for the ignition interlock to be enforced." We note that preservation of defendant's contention was not required under the circumstances of this case inasmuch as "defendant did not have sufficient knowledge of the terms of the plea at the plea allocution and, when later advised, did not have sufficient opportunity to move to withdraw [his] plea" (People v Turner, 24 NY3d 254, 259 [2014]).
Defendant further contends that the indictment should be dismissed inasmuch as he has [*2]served his sentence. We reject that contention. While such relief may be warranted in cases "involv[ing] relatively minor crimes" (People v Burwell, 53 NY2d 849, 851 [1981]), the indictment here includes multiple felonies, "and for penological purposes it is relevant whether defendant committed the [charged offenses]" (People v Allen, 39 NY2d 916, 918 [1976]). We therefore reverse the judgment, vacate the plea, and remit the matter to Supreme Court for further proceedings on the indictment.
In light of our determination, we do not address defendant's remaining contentions.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court