People v Collins (2021 NY Slip Op 02941)





People v Collins


2021 NY Slip Op 02941


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


469 KA 14-00588

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAVEEDA L. COLLINS, DEFENDANT-APPELLANT. 






MARY WHITESIDE, NORTH HOLLYWOOD, CALIFORNIA, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered January 6, 2014. The judgment convicted defendant upon a plea of guilty of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]) and driving while intoxicated (§ 1192 [3]). Defendant's contention that County Court improperly enhanced her sentence with fines and surcharges is not preserved for our review (see People v Moore, 182 AD3d 1032, 1032 [4th Dept 2020]). Defendant's related contention that the court failed to inform her of the fines and surcharges as direct consequences of her plea is also not preserved for our review (see People v Williams, 27 NY3d 212, 222 [2016]; People v Cyganik, 154 AD3d 1336, 1337 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Finally, contrary to defendant's contention, the record does not establish that the court failed to apprehend the extent of its sentencing discretion (see People v Morrison, 78 AD3d 1615, 1616 [4th Dept 2010], lv denied 16 NY3d 834 [2011]). Prior to accepting defendant's guilty plea at the court appearance in September 2013, the court correctly informed defendant that, if she were not successful in complying with the conditions of interim probation, it had the authority to impose any lawful sentence it deemed appropriate.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court