People v Abraham (2024 NY Slip Op 01419)

People v Abraham

2024 NY Slip Op 01419

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, OGDEN, AND DELCONTE, JJ.

140 KA 22-02007

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TED L. ABRAHAM, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered April 12, 2022. The judgment convicted defendant upon a guilty plea of driving while ability impaired by drugs. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Monroe County Court for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while ability impaired by drugs (Vehicle and Traffic Law §§ 1192 [4]; 1193 [1] [c] [ii]). Defendant contends that reversal of the judgment and vacatur of the plea are required because, before he pleaded guilty, County Court failed to inform him that a fine could also be imposed along with a term of imprisonment if he violated the conditions of his interim probation (see generally § 1193 [1] [c] [ii]; cf. generally People v Cyganik, 154 AD3d 1336, 1337-1338 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]). We agree.
"It is well settled that, in order for a plea to be knowingly, voluntarily and intelligently entered, a defendant must be advised of the direct consequences of that plea" (People v Jones, 118 AD3d 1360, 1361 [4th Dept 2014]; see generally People v Hill, 9 NY3d 189, 191 [2007], cert denied 553 US 1048 [2008]). "The direct consequences of a plea—those whose omission from a plea colloquy makes the plea per se invalid—are essentially the core components of a defendant's sentence: a term of probation or imprisonment, a term of postrelease supervision, a fine" (People v Harnett, 16 NY3d 200, 205 [2011]), and the failure to advise a defendant at the time of the guilty plea of all of the potential direct consequence of that plea "requires that [the] plea be vacated" (People v Tung Nguyen, 191 AD3d 1329, 1330-1331 [4th Dept 2021] [internal quotation marks omitted]). Here, the court advised defendant that, upon a violation of interim probation, he could be sentenced "to anything allowable by law which . . . is up to two and a third to seven years in the department of corrections," but failed to advise him of any other potential direct consequences of the plea, including a fine (see Vehicle and Traffic Law § 1193 [1] [c] [ii]). We note that defendant's challenge to the voluntariness of his plea is not encompassed in an appeal waiver (see People v Thomas, 34 NY3d 545, 558 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), and that preservation of defendant's contention was not required under the circumstances of this case inasmuch as "defendant did not have sufficient knowledge of the terms of the plea at the plea allocution and, when later advised, did not have sufficient opportunity to move to withdraw [his] plea" (People v Turner, 24 NY3d 254, 259 [2014]).
In light of our determination, we do not address defendant's remaining contention.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court