People v Carmichael (2024 NY Slip Op 02427)

People v Carmichael

2024 NY Slip Op 02427

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, DELCONTE, AND KEANE, JJ.

214 KA 20-00013

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PAUL CARMICHAEL, ALSO KNOWN AS PAUL WEIDNER, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (SABRINA ASHA BREMER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered December 12, 2019. The judgment convicted defendant upon a guilty plea of driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle in the first degree and driving a vehicle not equipped with an ignition interlock device. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, two counts of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]) and one count of aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]) defendant contends that reversal of the judgment and vacatur of the plea are required because Supreme Court failed to inform him before he pleaded guilty that a fine was mandated upon his conviction of aggravated unlicensed operation of a motor vehicle in the first degree (see § 511 [3] [b] [i]). We agree.
"[I]n order for a plea to be knowingly, voluntarily and intelligently entered, a defendant must be advised of the direct consequences of that plea" (People v Jones, 118 AD3d 1360, 1361 [4th Dept 2014]; see generally People v Hill, 9 NY3d 189, 191 [2007], cert denied 553 US 1048 [2008]). "The direct consequences of a plea—those whose omission from a plea colloquy makes the plea per se invalid—are essentially the core components of a defendant's sentence: a term of probation or imprisonment, a term of postrelease supervision, a fine" (People v Harnett, 16 NY3d 200, 205 [2011]), and the failure to advise a defendant at the time of the guilty plea of a direct consequence of that plea "requires that [the] plea be vacated" (People v Tung Nguyen, 191 AD3d 1329, 1330 [4th Dept 2021] [internal quotation marks omitted]). Here, the court failed to advise defendant that the sentence imposed on a person convicted of aggravated unlicensed operation of a motor vehicle in the first degree must include a fine in an amount between $500 and $5,000 (see Vehicle and Traffic Law § 511 [3] [b] [i]).
We note that, because defendant's challenge to the voluntariness of his plea would survive even a valid waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 558 [2019], cert denied — US —, 140 S Ct 2634 [2020]), we need not address his contention with respect to the validity of that waiver (see People v Barnes, 206 AD3d 1713, 1714 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]). We further note that preservation of defendant's contention was not required under the circumstances of this case inasmuch as "defendant did not have sufficient knowledge of the terms of the plea at the plea allocution and, when later advised, did not have sufficient opportunity to move to withdraw [his] plea" (People v Turner, 24 NY3d [*2]254, 259 [2014]).
In light of our determination, we do not address defendant's remaining contentions.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court