■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO R. NUNEZ, Appellant. [899 NYS2d 925]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered April 18, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]). We reject the contention of defendant that County Court erred in failing to address his requests to proceed pro se. "Defendant never made an unequivocal invocation of his right of self-representation[ ] because each of his requests to proceed pro se was made in the context of a request for substitution of counsel" (*People v McClam*, 297 AD2d 514, 514 [2002], *lv denied* 99 NY2d 537 [2002]; *see also People v Caswell*, 56 AD3d 1300, 1301-1302 [2008], *lv denied* 11 NY3d 923 [2009], *denied reconsideration* 12 NY3d 781 [2009]; *see generally People v Gillian*, 8 NY3d 85, 88 [2006]).

We conclude that "[d]efendant forfeited the right to our review of [his further] contention[ ] . . . that the court should have suppressed evidence seized [from his residence] inasmuch as he pleaded guilty before the court determined whether suppression was warranted" (*People v Graham*, 42 AD3d 933, 933-934 [2007], *lv denied* 9 NY3d 876 [2007]). "A guilty plea 'generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings'" (*People v Powless*, 66 AD3d 1353 [2009], quoting *People v Fernandez*, 67 NY2d 686, 688 [1986]). Although a defendant convicted upon a plea of guilty may seek review of "[a]n order finally denying a motion to suppress evidence" (CPL 710.70 [2]) upon an appeal from the judgment of conviction, no such order was issued in this case. Present—Smith, J.P., Carni, Sconiers and Pine, JJ.