# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

331

KA 10-00726

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

ROBERT R. DUNHAM, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

DONALD H. DODD, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Spencer J. Ludington, A.J.), rendered July 15, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted forgery in the second degree and grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted forgery in the second degree (Penal Law §§ 110.00, 170.10 [1]) and grand larceny in the fourth degree (§ 155.30 [8]). We reject defendant's contention that his waiver of the right to appeal was not knowing and voluntary. Although "a trial court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned, it must make certain that a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record" (*People v Lopez*, 6 NY3d 248, 256; *see People v McDonald*, 270 AD2d 955, *lv denied* 95 NY2d 800). "The record must establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Lopez*, 6 NY3d at 256). Here, the record establishes that defendant indicated that he had spoken with defense counsel and understood that he was waiving his right to appeal as a condition of the plea. Further, defendant's monosyllabic affirmative responses to questioning by County Court do not render his plea unknowing and involuntary (*see People v VanDeViver*, 56 AD3d 1118, *lv denied* 11 NY3d 931, *rearg denied* 12 NY3d 788), and the fact that defendant was not informed that he could challenge County Court's suppression ruling on appeal did not render the plea involuntary (*see generally People v Kemp*, 94 NY2d 831). In any event, defendant's challenge to the court's suppression ruling is encompassed by his waiver of the right to appeal (*see id.* at 833). Additionally, that challenge is without merit (*see People v*

*Steward*, 88 NY2d 496, 501-502, *rearg denied* 88 NY2d 1018; *People v Scaccia*, 6 AD3d 1105, 1105-1106, *lv denied* 3 NY3d 681).  Although defendant's contention that his plea was involuntary survives his waiver of the right to appeal, defendant failed to preserve that contention by moving to withdraw the plea or set aside the conviction (*see People v Busch*, 60 AD3d 1393, *lv denied* 12 NY3d 913), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, although defendant's contention that the court failed to apprehend the extent of its sentencing discretion survives his waiver of the right to appeal and does not require preservation (*see People v Schafer*, 19 AD3d 1133), that contention is without merit.  The sentence imposed was in accordance with the plea agreement, and there is no support for defendant's contention in the record before us.

Entered:  April 1, 2011                        Patricia L. Morgan
                                               Clerk of the Court