# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

360
KA 10-02501
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

SHAWNEE Q. OLDSHIELD, DEFENDANT-APPELLANT.

---

JAMES L. DOWSEY, III, ELLICOTTVILLE, FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (JOHN C. LUZIER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered November 29, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree and criminal mischief in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following his plea of guilty, of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]) and criminal mischief in the fourth degree (§ 145.00), defendant contends that he did not validly waive his right to appeal. We reject that contention (*see generally People v Lopez*, 6 NY3d 248, 256), and his contention that he did not receive effective assistance of counsel does not survive either the guilty plea or the valid waiver of the right to appeal "because [t]here is no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869 [internal quotation marks omitted]). Defendant further contends that his plea was not knowing, voluntary and intelligent. Defendant, however, did not move to withdraw his guilty plea or to vacate the judgment of conviction on that ground and thus, although his contention survives the valid waiver of the right to appeal, it is not preserved for our review (*see People v Zulian*, 68 AD3d 1731, 1732, *lv denied* 14 NY3d 894). Upon our review of the record, we conclude that this case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666).

Entered: March 16, 2012                          Frances E. Cafarell
                                                 Clerk of the Court