# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**532**

**KA 10-02124**

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                           MEMORANDUM AND ORDER

ALLEN MORRIS, DEFENDANT-APPELLANT.

---

MATTHEW E. BROOKS, LOCKPORT, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered October 4, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant contends that County Court abused its discretion in denying his motion to withdraw the guilty plea on the ground that he was misinformed with respect to the negotiated sentence to be imposed. Although defendant's contention survives his waiver of the right to appeal (*see People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746), we conclude that it is without merit. " 'Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' " (*People v Pillich*, 48 AD3d 1061, *lv denied* 11 NY3d 793; *see People v Alexander*, 97 NY2d 482, 485). There is no such evidence here. Rather, the record establishes that the court properly informed defendant that the negotiated sentence was required to run consecutively to the prior undischarged sentence that defendant was serving at that time, and that any jail time credit to be applied would be determined by the Department of Correctional Services (*see* § 70.25 [2-a]; § 70.30 [3]; Correction Law § 600-a; *cf. People v Lee*, 64 AD3d 1236, 1237; *People v Ingoglia*, 305 AD2d 1002, 1003, *lv denied* 100 NY2d 583).

Defendant further contends that the court failed to make an appropriate inquiry into his two requests for substitution of counsel. The initial request for new assigned counsel was set forth in a brief

notation in defense counsel's "status report" to the court indicating that defendant did not wish to accept the plea offer made during a pretrial conference. No reasons were provided for defendant's request, and defendant did not repeat that request or raise any complaints concerning defense counsel's representation at subsequent appearances before the court. Defendant's contention with respect to his initial request for substitution of counsel "is encompassed by the plea and the waiver of the right to appeal except to the extent that the contention implicates the voluntariness of the plea" (*People v Phillips*, 56 AD3d 1163, 1164, *lv denied* 12 NY3d 761; *see People v Williams*, 6 AD3d 746, 747, *lv denied* 3 NY3d 650). In any event, defendant abandoned that request when he "decid[ed] . . . to plead guilty while still being represented by the same attorney" (*People v Hobart*, 286 AD2d 916, 916, *lv denied* 97 NY2d 683; *see People v Munzert*, 92 AD3d 1291, 1292; *People v Ocasio*, 81 AD3d 1469, 1470, *lv denied* 16 NY3d 898, *cert denied* ___ US ___, 132 S Ct 318).

Defendant made a second request for substitution of counsel at sentencing. To the extent that defendant's contention with respect to the second request implicates the voluntariness of the plea and thus survives the plea and the waiver of the right to appeal, we conclude that the court made a sufficient inquiry into that request (*see generally People v Porto*, 16 NY3d 93, 99-100). " '[T]he court afforded defendant the opportunity to express his objections concerning [defense counsel], and the court thereafter reasonably concluded that defendant's . . . objections had no merit or substance' " (*People v Adger*, 83 AD3d 1590, 1592, *lv denied* 17 NY3d 857).

The contention of defendant that he was denied effective assistance of counsel does not survive either the plea of guilty or the waiver of the right to appeal inasmuch as defendant made "no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance" (*People v Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869 [internal quotation marks omitted]; *see generally People v Nieves*, 299 AD2d 888, 889, *lv denied* 99 NY2d 631). Defendant's further contention that the court erred in denying that part of his omnibus motion seeking to dismiss the indictment also "does not survive his valid waiver of the right to appeal . . ., nor in any event does it survive his guilty plea" (*People v Baker*, 49 AD3d 1293, *lv denied* 10 NY3d 932; *see People v Crumpler*, 70 AD3d 1396, 1397, *lv denied* 14 NY3d 839). Finally, defendant's contention with respect to his motion to vacate the judgment and to set aside the sentence pursuant to CPL 440.10 and 440.20 is "not properly before us on appeal from the judgment of conviction" (*People v Moore*, 81 AD3d 1325, 1325, *lv denied* 16 NY3d 897).

Entered:  April 20, 2012                     Frances E. Cafarell
                                             Clerk of the Court