# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**438**

**KA 11-01157**

PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RANDY COLUCCI, SR., DEFENDANT-APPELLANT.

---

KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered April 14, 2011. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the second degree (Penal Law § 125.15 [1]). We conclude that defendant's contentions regarding his waiver of the right to challenge the judgment of conviction by motion pursuant to CPL articles 330 and 440 or by writ of coram nobis are premature (*see People v Hill*, ___ AD3d ___, ___ [Mar. 16, 2012]). It is settled that the courts of this State may decide only controversies that are presently justiciable. To be justiciable, a controversy must "involve present, rather than hypothetical, contingent or remote, prejudice" to a party (*American Ins. Assn. v Chu*, 64 NY2d 379, 383, *appeal dismissed and cert denied* 474 US 803). Here, defendant's contentions with respect to such postjudgment relief "seek[] merely an advisory opinion" (*Hill*, ___ AD3d at ___).

We reject defendant's further contention that his waiver of the right to appeal was invalid (*see generally People v Lopez*, 6 NY3d 248, 256). Defendant signed a written waiver of the right to appeal, and the plea colloquy demonstrates that he knowingly, intelligently and voluntarily waived the right to appeal (*see People v James*, 71 AD3d 1465, 1465). Further, the record establishes that he " 'understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Dunham*, 83

AD3d 1423, 1424, *lv denied* 17 NY3d 794, quoting *Lopez*, 6 NY3d at 256).