# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1029

KA 10-02513

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

FERNANDO P. GUANTERO, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered July 29, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [c]) and, in appeal No. 2, he appeals from a judgment convicting him upon a plea of guilty of attempted burglary in the second degree (§§ 110.00, 140.25 [2]). With respect to both appeals, defendant contends that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently entered. We reject that contention (*see generally People v Lopez*, 6 NY3d 248, 256; *People v Hidalgo*, 91 NY2d 733, 735). "The responses of defendant to County Court's questions during the plea colloquy establish that he understood the consequences of waiving the right to appeal and voluntarily waived that right" (*People v Ruffins*, 78 AD3d 1627, 1628; *see People v Dunham*, 83 AD3d 1423, 1424, *lv denied* 17 NY3d 794). Further, the court " 'made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof' " (*People v McCarthy*, 83 AD3d 1533, 1533-1534, *lv denied* 17 NY3d 819), and we note that defendant executed a written waiver of the right to appeal (*see People v Jones*, 96 AD3d 1637, 1637; *People v Colucci*, 94 AD3d 1419, 1420, *lv denied* 19 NY3d 959).

Although the contention of defendant with respect to both appeals that his plea was not voluntarily entered survives his valid waiver of the right to appeal (*see Dunham*, 83 AD3d at 1424), defendant failed to move to withdraw his plea or to vacate the judgment of conviction on

that ground and thus failed to preserve that contention for our review (*see People v Oldshield*, 93 AD3d 1238, 1238; *Dunham*, 83 AD3d at 1424). Contrary to defendant's contention in each appeal, this case does not fall within the narrow exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666). Finally, defendant contends in each appeal that the court erred in refusing to assign him new counsel without inquiring into the grounds for substitution. We note at the outset that defendant's contention is encompassed by his plea and his valid waiver of the right to appeal in each appeal except to the extent that it implicates the voluntariness of the plea (*see People v Morris*, 94 AD3d 1450, 1451, *lv denied* 19 NY3d 976; *People v Phillips*, 56 AD3d 1163, 1164, *lv denied* 12 NY3d 761). In any event, defendant abandoned his request for new counsel when he "decid[ed] . . . to plead guilty while still being represented by the same attorney" (*People v Hobart*, 286 AD2d 916, 916, *lv denied* 97 NY2d 683; *see Morris*, 94 AD3d at 1451; *People v Munzert*, 92 AD3d 1291, 1292).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court