■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR DAVIS, Appellant. [982 NYS2d 272]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered July 10, 2008. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that County Court failed to apprehend the extent of its sentencing discretion. We agree. Contrary to the People's contention, defendant's contention survives his waiver of the right to appeal and does not require preservation (see People v Dunham, 83 AD3d 1423, 1424-1425 [2011], lv denied 17 NY3d 794 [2011]). The court informed defendant during the plea proceeding that the minimum sentence

it could impose was five years of incarceration and five years of postrelease supervision, when in fact the court had the authority to impose a period of postrelease supervision of between 2¹/₂ years and five years (*see* § 70.45 [2] [f]). "The failure of the court to apprehend the extent of its discretion deprived defendant of the right to be sentenced as provided by law" (*People v Hager*, 213 AD2d 1008, 1008 [1995]; *see People v Slattery*, 81 AD3d 1415, 1416 [2011]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. Present—Scudder, P.J., Centra, Fahey, Peradotto and Whalen, JJ.