# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**289**

KA 12-00707

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LAMAR DAVIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered July 10, 2008. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that County Court failed to apprehend the extent of its sentencing discretion. We agree. Contrary to the People's contention, defendant's contention survives his waiver of the right to appeal and does not require preservation (*see People v Dunham*, 83 AD3d 1423, 1424-1425, *lv denied* 17 NY3d 794). The court informed defendant during the plea proceeding that the minimum sentence it could impose was 5 years of incarceration and 5 years of postrelease supervision, when in fact the court had the authority to impose a period of postrelease supervision of between 2½ years and 5 years (*see* § 70.45 [2] [f]). "The failure of the court to apprehend the extent of its discretion deprived defendant of the right to be sentenced as provided by law" (*People v Hager*, 213 AD2d 1008, 1008; *see People v Slattery*, 81 AD3d 1415, 1416). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing.

Entered:  March 21, 2014                          Frances E. Cafarell
                                                  Clerk of the Court