# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

482
KA 13-01646
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DASHAWN L. RUSSELL, ALSO KNOWN AS SHAWN,
DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

DASHAWN L. RUSSELL, DEFENDANT-APPELLANT PRO SE.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered February 15, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (§ 220.16 [12]). In both appeals, defendant contends in his main and pro se supplemental briefs that County Court should have suppressed evidence found during a search of his residence because the search warrant was not supported by probable cause, was overbroad, and was not executed in a timely manner. Defendant's challenges to the search warrant are encompassed by his valid waiver of the right to appeal (*see People v Garland*, 69 AD3d 1122, 1123, *lv denied* 14 NY3d 887; *see also People v Frazier*, 63 AD3d 1633, 1633, *lv denied* 12 NY3d 925). Moreover, because defendant pleaded guilty before the court issued a suppression ruling with respect to the evidence seized from his home pursuant to the search warrant, he forfeited the right to raise the suppression issue on appeal (*see People v Fernandez*, 67 NY2d 686, 688; *People v Nunez*, 73 AD3d 1469, 1469, *lv denied* 15 NY3d 808). Defendant's contention in his main and pro se supplemental briefs that he was penalized for requesting a copy of the search warrant and the search warrant application "does not implicate the voluntariness of

the plea and thus it is also encompassed by his valid waiver of the right to appeal" (*People v Zolner*, 90 AD3d 1551, 1552; *see generally People v Muniz*, 91 NY2d 570, 573-574).

Finally, defendant's contention in his pro se supplemental brief that he was denied effective assistance of counsel because defense counsel failed to pursue a suppression hearing " 'does not survive [his] plea or [his] valid waiver of the right to appeal because [he] failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of [his] attorney['s] allegedly poor performance' " (*People v Smith*, 122 AD3d 1300, 1301; *see People v Leigh*, 71 AD3d 1288, 1288, *lv denied* 15 NY3d 775).

Entered:  May 1, 2015                                    Frances E. Cafarell
                                                         Clerk of the Court