# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**92**

**KA 14-01031**

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PHILLIP A. DODSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered January 8, 2014. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the first degree (Penal Law § 120.10 [1]). Defendant contends that County Court erred in denying his request, which he made just prior to sentencing, for the assignment of new counsel to advise him on whether he should move to withdraw his plea. We conclude that defendant's contention implicates the voluntariness of the plea and thus survives his plea and his waiver of the right to appeal (*see People v Morris*, 94 AD3d 1450, 1451, *lv denied* 19 NY3d 976; *see also People v Guantero*, 100 AD3d 1386, 1387, *lv denied* 21 NY3d 1004; *People v Phillips*, 56 AD3d 1163, 1164, *lv denied* 12 NY3d 761).

We nonetheless reject defendant's contention that the court abused its discretion in denying his request for a substitution of counsel. We conclude that the court made the requisite "minimal inquiry" into defendant's complaints concerning his attorney and his request for a substitution of counsel (*People v Sides*, 75 NY2d 822, 825; *see People v Porto*, 16 NY3d 93, 99-100; *People v Linares*, 2 NY3d 507, 511). Although it was incumbent upon defendant to show "good cause" for the substitution of counsel (*Sides*, 75 NY2d at 824; *see People v Sawyer*, 57 NY2d 12, 18, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178), defendant expressed only "vague and generic" complaints having "no merit or substance" and thus failed to show that assigned counsel "was in any way deficient in representing him" (*Linares*, 2 NY3d at 511). Further, the circumstances of this case

evince that defendant's request for a substitution of counsel was simply a delaying tactic to allow him to avoid or postpone his imminent sentencing and thereby " 'delay the orderly administration of justice' " (*People v Johnson*, 292 AD2d 871, 872, *lv denied* 98 NY2d 652, quoting *Sides*, 75 NY2d at 824).

Entered:  February 3, 2017                    Frances E. Cafarell
                                             Clerk of the Court