Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered January 10, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class D felony.
It is hereby ordered that the judgment so appealed from is modified on the law and as a matter of discretion in the interest of justice by vacating the fine, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of driving while intoxicated as a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]), de *1700 fendant contends in his main brief that his plea was not knowing, intelligent, and voluntary because County Court failed to advise him of the amount of the fine to be imposed before he pleaded guilty. Although that contention survives defendant’s waiver of the right to appeal, defendant failed to move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve his contention for our review (see People v Watkins, 77 AD3d 1403, 1403 [2010], lv denied 15 NY3d 956 [2010]; People v Baker, 49 AD3d 1293, 1293 [2008], lv denied 10 NY3d 932 [2008]). Contrary to defendant’s further contention, the court advised him at the time of the plea that it could impose a fine in addition to a term of incarceration, and thus preservation was required (see generally People v Murray, 15 NY3d 725, 726-727 [2010]).
As the People correctly concede, however, the court erred in imposing a $1,500 fine. Vehicle and Traffic Law § 1193 (1) (c) (ii) provides that a person convicted of driving while intoxicated as a class D felony “shall be punished by a fine of not less than two thousand dollars nor more than ten thousand dollars or by a period of imprisonment as provided in the penal law, or by both such fine and imprisonment.” The court therefore had the authority to impose a fine and a sentence of imprisonment, but was required to impose a minimum fine of $2,000 if it chose to impose any fine. We cannot allow the $1,500 illegal fine to stand (see generally People v VanValkinburgh, 90 AD3d 1553, 1554 [2011]) and, as a matter of discretion in the interest of justice, we conclude that no fine should be imposed. We therefore modify the judgment by vacating the fine.
With respect to the jurisdictional challenges to the felony complaint and his arraignment thereon in the pro se supplemental brief, “[t]he felony complaint was superseded by the indictment to which defendant pleaded guilty, and he therefore may not challenge the felony complaint” (People v Anderson, 90 AD3d 1475, 1477 [2011], lv denied 18 NY3d 991 [2012]; see People v Mitchell, 132 AD3d 1413, 1416 [2015], lv denied 27 NY3d 1072 [2016]). Defendant’s valid waiver of the right to appeal encompasses his challenges in his pro se supplemental brief to the court’s suppression rulings (see People v Kemp, 94 NY2d 831, 833 [1999]). Furthermore, the remaining contentions in defendant’s pro se supplemental brief do not “ ‘implicate the voluntariness of the plea and thus [they are] also encompassed by his valid waiver of the right to appeal’ ” (People v Russell, 128 AD3d 1383, 1384 [2015], lv denied 25 NY3d 1207 [2015]).
All concur except NeMoyer and Scudder, JJ., who dissent in *1701 part and vote to modify in accordance with the following memorandum.