People v Kelly (2018 NY Slip Op 01778)





People v Kelly


2018 NY Slip Op 01778


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


295 KA 14-00943

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DETROIT A. KELLY, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered February 26, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The record establishes that defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Smith, 153 AD3d 1129, 1130 [4th Dept 2017], lv denied 30 NY3d 983 [2017]; People v Tyler, 140 AD3d 1694, 1694 [4th Dept 2016], lv denied 28 NY3d 975 [2016]; see generally People v Lopez, 6 NY3d 248, 256 [2006]). Defendant's contention that he was denied effective assistance of counsel "does not survive his plea or the valid waiver of the right to appeal inasmuch as defendant failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance" (People v Brinson, 151 AD3d 1726, 1726 [4th Dept 2017], lv denied 29 NY3d 1124 [2017] [internal quotation marks omitted]; see People v Smith, 122 AD3d 1300, 1301 [4th Dept 2014], lv denied 25 NY3d 1172 [2015]). Defendant's further contention that County Court failed to make an appropriate inquiry into his request for substitution of counsel " is encompassed by the plea and the waiver of the right to appeal except to the extent that the contention implicates the voluntariness of the plea' " (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]; see People v Guantero, 100 AD3d 1386, 1387 [4th Dept 2012], lv denied 21 NY3d 1004 [2013]). In any event, "defendant abandoned his request for new counsel when he decid[ed] . . . to plead guilty while still being represented by the same attorney' " (Guantero, 100 AD3d at 1387; see Morris, 94 AD3d at 1451).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court