People v Tyes (2018 NY Slip Op 02994)





People v Tyes


2018 NY Slip Op 02994


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


477 KA 16-00449

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM TYES, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM TYES, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered March 16, 2016. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to defendant's contention in his main brief, the record establishes that he knowingly, voluntarily and intelligently waived his right to appeal (see generally People v Sanders, 25 NY3d 337, 341-342 [2015]). The valid waiver of the right to appeal encompasses defendant's challenges in his main and pro se supplemental briefs to County Court's suppression ruling (see id. at 342), and the challenge in his main brief to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]; see generally People v Lococo, 92 NY2d 825, 827 [1998]; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Defendant further contends in his pro se supplemental brief that he was denied effective assistance of counsel based upon conversations with defense counsel, including one in which defense counsel allegedly misrepresented the promised maximum sentence. Defendant's contention "survives his plea and valid waiver of the right to appeal only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]). To the extent that defendant's contention is based upon matters outside the record, it must be raised by way of a motion pursuant to CPL article 440 (see People v Blackwell, 129 AD3d 1690, 1691-1692 [4th Dept 2015], lv denied 26 NY3d 926 [2015]; People v Merritt, 115 AD3d 1250, 1251 [4th Dept 2014], lv denied 30 NY3d 1021 [2017]; People v Graham, 77 AD3d 1439, 1440 [4th Dept 2010], lv denied 15 NY3d 920 [2010]). Insofar as defendant's contention is reviewable on direct appeal, we conclude that it lacks merit inasmuch as he "received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1150 [2016], quoting People v Ford, 86 NY2d 397, 404 [1995]).
To the extent that defendant contends in his pro se supplemental brief that the court failed to make an appropriate inquiry into his request for substitution of counsel several months before the plea proceeding, his contention " is encompassed by the plea and the waiver of the right to appeal except to the extent that the contention implicates the voluntariness of the plea' " (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]; see People v [*2]Guantero, 100 AD3d 1386, 1387 [4th Dept 2012], lv denied 21 NY3d 1004 [2013]). In any event, "defendant abandoned his request for new counsel when he decid[ed] . . . to plead guilty while still being represented by the same attorney' " (Guantero, 100 AD3d at 1387; see Morris, 94 AD3d at 1451).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court