People v Kates (2018 NY Slip Op 04464)





People v Kates


2018 NY Slip Op 04464


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


638 KA 15-01174

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALEXANDER KATES, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT. 
ALEXANDER KATES, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered June 2, 2015. The judgment convicted defendant, upon his plea of guilty, of kidnapping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of kidnapping in the second degree (Penal Law § 135.20). The plea satisfied several charges arising from an incident in which defendant, in concert with two other men, among other things, bound and threatened three family members inside their own apartment, obtained keys and the alarm code to the victims' jewelry store, and then stole jewelry from the store. In appeal No. 2, defendant appeals by permission of this Court from an order that, inter alia, denied his motion pursuant to CPL 440.10 seeking to vacate the judgment of conviction. We affirm in both appeals.
Addressing first the judgment in appeal No. 1, although defendant contends in his pro se supplemental brief that the felony complaints were jurisdictionally defective, "[t]he felony complaint[s were] superseded by the indictment to which defendant pleaded guilty, and he therefore may not challenge the felony complaint[s]" on appeal (People v Anderson, 90 AD3d 1475, 1477 [4th Dept 2011], lv denied 18 NY3d 991 [2012]; see People v Mitchell, 132 AD3d 1413, 1416 [4th Dept 2015], lv denied 27 NY3d 1072 [2016]).
Contrary to defendant's contention in his pro se supplemental brief, the record establishes that his waiver of the right to appeal was knowing, intelligent, and voluntary (see People v Joubert, 158 AD3d 1314, 1315 [4th Dept 2018], lv denied — NY3d — [Apr. 26, 2018] [2018]; People v Smith, 138 AD3d 1497, 1497 [4th Dept 2016], lv denied 27 NY3d 1139 [2016]; see generally People v Lopez, 6 NY3d 248, 256 [2006]). We conclude that the valid waiver of the right to appeal forecloses our review of defendant's challenges in his main brief to County Court's adverse suppression ruling (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Kemp, 94 NY2d 831, 833 [1999]). Defendant further contends in his pro se supplemental brief that he was arrested without probable cause and thus that the court should have granted that part of his motion seeking suppression of all evidence obtained as a result of his arrest. That contention is also encompassed by his valid waiver of the right to appeal (see Sanders, 25 NY3d at 342; Kemp, 94 NY2d at 833) and, moreover, defendant forfeited the right to raise that suppression issue on appeal inasmuch as he pleaded guilty before the court issued a ruling thereon (see People v Fernandez, 67 NY2d 686, 688 [1986]; People v Russell, 128 AD3d 1383, 1384 [4th Dept 2015], lv denied 25 NY3d 1207 [2015]).
We reject defendant's contention in his main brief that the court failed to make an appropriate inquiry into his request for substitution of his assigned counsel, which he made during an appearance prior to the plea proceeding. Defendant's contention " is encompassed by the plea and the waiver of the right to appeal except to the extent that the contention implicates the voluntariness of the plea' " (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]; see People v Guantero, 100 AD3d 1386, 1387 [4th Dept 2012], lv denied 21 NY3d 1004 [2013]). Defendant nonetheless "abandoned his request for new counsel when he decid[ed] . . . to plead guilty while still being represented by the same attorney' " (Guantero, 100 AD3d at 1387; see Morris, 94 AD3d at 1451). In any event, defendant's contention lacks merit inasmuch as the record establishes that "the court made a sufficient inquiry into defendant's complaints concerning the alleged [breakdown in] communication between defendant and defense counsel. The court repeatedly allowed defendant to air his concerns about defense counsel, and after listening to them reasonably concluded that defendant's vague and generic objections had no merit or substance . . . , and thus defendant's objections were insufficient to demonstrate good cause for substitution of counsel" (People v Larkins, 128 AD3d 1436, 1441 [4th Dept 2015], lv denied 27 NY3d 1001 [2016] [internal quotation marks omitted]; see People v Linares, 2 NY3d 507, 510-511 [2004]). " [A]t most, defendant's allegations evinced disagreements with counsel over strategy . . . , which were not sufficient grounds for substitution' " (Larkins, 128 AD3d at 1440; see Linares, 2 NY3d at 511).
Defendant further contends in his main brief that his plea was not voluntarily entered because he was not informed of its direct consequences prior to pleading guilty. We reject that contention. "It is well settled that, in order for a plea to be knowingly, voluntarily and intelligently entered, a defendant must be advised of the direct consequences of that plea" (People v Jones, 118 AD3d 1360, 1361 [4th Dept 2014]; see People v Harnett, 16 NY3d 200, 205 [2011]; People v Catu, 4 NY3d 242, 244 [2005]). "The direct consequences of a plea—those whose omission from a plea colloquy makes the plea per se invalid—are essentially the core components of a defendant's sentence: a term of probation or imprisonment, a term of postrelease supervision, a fine" (Harnett, 16 NY3d at 205). Here, although defendant's contention concerning the voluntariness of the plea survives his valid waiver of the right to appeal (see People v Neal, 148 AD3d 1699, 1699-1700 [4th Dept 2017], lv denied 29 NY3d 1084 [2017]), preservation was required inasmuch as defendant was advised of the sentence, including its period of postrelease supervision, during the plea proceeding, and defendant failed to preserve his contention for our review because he did not move to withdraw the plea on that ground or otherwise object to the imposition of the sentence (see People v Williams, 27 NY3d 212, 219-223 [2016]; People v Crowder, 24 NY3d 1134, 1136-1137 [2015]; People v Murray, 15 NY3d 725, 726-727 [2010]; cf. People v Louree, 8 NY3d 541, 545-546 [2007]). In any event, we conclude that defendant's challenge to the voluntariness of the plea is without merit inasmuch as the record establishes that he was advised during the plea proceeding of the direct consequences of his plea, including the term of imprisonment and period of postrelease supervision (see People v Munn, 105 AD3d 1456, 1456 [4th Dept 2013], lv denied 21 NY3d 1007 [2013], reconsideration denied 22 NY3d 1042 [2013]; People v Ivey, 98 AD3d 1230, 1231 [4th Dept 2012], lv denied 20 NY3d 1012 [2013]; People v McPherson, 60 AD3d 872, 872 [2d Dept 2009]).
To the extent that defendant challenges the factual sufficiency of his plea allocution in his pro se supplemental brief, that challenge is encompassed by the valid waiver of the right to appeal (see People v Busch, 60 AD3d 1393, 1394 [4th Dept 2009], lv denied 12 NY3d 913 [2009]). Although defendant's further contention in his pro se supplemental brief that his plea was involuntary survives his waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10 [1989]), defendant failed to preserve that contention for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction on the grounds now raised on appeal (see People v VanDeViver, 56 AD3d 1118, 1118 [4th Dept 2008], lv denied 11 NY3d 931 [2009], reconsideration denied 12 NY3d 788 [2009]), and this case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]).
With respect to the judgment in appeal No. 1, defendant contends in his pro se supplemental brief that the record establishes that he was denied effective assistance of counsel. With respect to the order in appeal No. 2, defendant contends in his main and pro se supplemental briefs that the court should have granted his motion pursuant to CPL 440.10 to [*2]vacate the judgment because the plea was infected by ineffective assistance of counsel and was otherwise involuntary or, at minimum, that he is entitled to a hearing thereon. We reject those contentions.
"Where, as here, a defendant contends that he or she was denied the right to effective assistance of counsel guaranteed by both the Federal and New York State Constitutions, we evaluate the claim using the state standard, which affords greater protection than its federal counterpart" (People v Conway, 148 AD3d 1739, 1741 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]; see People v Stultz, 2 NY3d 277, 282 [2004], rearg denied 3 NY3d 702 [2004]). Under the state standard, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (People v Baldi, 54 NY2d 137, 147 [1981]; see People v Benevento, 91 NY2d 708, 712 [1998]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Ford, 86 NY2d 397, 404 [1995]; see People v Hoyer, 119 AD3d 1457, 1458 [4th Dept 2014]). Inasmuch as defendant "bears the burden of establishing his [or her] claim that counsel's performance is constitutionally deficient[,] . . . defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's alleged failure[s]" (People v Pavone, 26 NY3d 629, 646 [2015]; see People v Satterfield, 66 NY2d 796, 799-800 [1985]).
Here, to the extent that defendant's contention in appeal No. 1 in his pro se supplemental brief that he was denied effective assistance of counsel survives the plea and his valid waiver of the right to appeal (see People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]), we conclude that his contention lacks merit (see generally Ford, 86 NY2d at 404).
Addressing the order in appeal No. 2, we conclude that the court properly determined that defendant received meaningful representation. Defense counsel, among other things, successfully sought suppression of significant evidence against defendant and negotiated an advantageous plea bargain that greatly reduced defendant's maximum sentencing exposure of 25 years to life imprisonment had he been convicted of the top count of kidnapping in the first degree (Penal Law § 135.25 [2] [b]; see § 70.00 [2] [a]; [3] [a] [i]), and nothing in the record casts doubt on the apparent effectiveness of defense counsel (see People v Lewis, 138 AD3d 1346, 1348-1349 [3d Dept 2016], lv denied 28 NY3d 1073 [2016]; People v Loomis, 256 AD2d 808, 808 [3d Dept 1998], lv denied 93 NY2d 854 [1999]).
The court also properly denied defendant's motion pursuant to CPL 440.10 without a hearing because, "given the nature of the claimed ineffective assistance, the motion could be determined on the trial record and defendant's submissions on the motion" (Satterfield, 66 NY2d at 799; see People v Witkop, 114 AD3d 1242, 1243 [4th Dept 2014], lv denied 23 NY3d 1069 [2014]). Defendant asserted in his supporting affidavit that defense counsel was ineffective because, despite defendant's requests, defense counsel failed to investigate certain items of allegedly exculpatory evidence. Although it is well settled that a "defendant's right to representation . . . entitle[s] him [or her] to have counsel conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself [or herself] time for reflection and preparation for trial' " (People v Bennett, 29 NY2d 462, 466 [1972]; see People v Oliveras, 21 NY3d 339, 346-347 [2013]), it is also well settled that a claim of ineffective assistance "requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" (People v Rivera, 71 NY2d 705, 708-709 [1988]). Defendant's supporting affidavit demonstrated that defense counsel addressed with defendant the issue whether an investigation into the allegedly exculpatory evidence would be fruitful and expressed his opinion that such evidence was not relevant or could be used by the prosecution against defendant. Inasmuch as the record established that defense counsel, as a matter of strategy and tactics, exercised professional judgment in declining to pursue evidence that he considered unhelpful and potentially harmful to the defense (see People v Schramm, 172 AD2d 1048, 1048 [4th Dept 1991], lv denied 78 NY2d 974 [1991]), the court properly determined that defendant failed to demonstrate the absence of a strategic or other legitimate explanation for defense counsel's alleged failure to investigate, and that defendant's mere disagreement with the investigation strategy was insufficient to establish that defense counsel was ineffective (see People v McCullough, 144 AD3d 1526, 1527 [4th Dept 2016], lv denied 29 [*3]NY3d 999 [2017]).
Defendant further contends in his pro se supplemental brief that, as alleged in his motion, defense counsel failed to advise him at the time of the plea that he would be required to sign a document at sentencing admitting his status as a predicate felon. The court properly concluded, however, that defendant conceded in his supporting affidavit that he was aware that the plea bargain required that he acknowledge being previously convicted of a felony, and that any failure by defense counsel to explain that defendant would also have to sign a document to that effect does not constitute ineffective assistance.
Contrary to defendant's further contention in his pro se supplemental brief, the court properly determined that documentary proof submitted by defendant conclusively refuted defendant's claim that the plea was involuntary because it was induced by an unfulfilled promise (see CPL 440.30 [4] [c]).
We have considered defendant's remaining contentions in his pro se supplemental brief and conclude that they are without merit.
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court