People v Holley (2018 NY Slip Op 04495)





People v Holley


2018 NY Slip Op 04495


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


816 KA 17-00269

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT D. HOLLEY, DEFENDANT-APPELLANT. 






DANIEL M. GRIEBEL, TONAWANDA, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael M. Mohun, A.J.), rendered November 21, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]), defendant contends that his waiver of the right to appeal was not knowingly, intelligently, and voluntarily entered. We reject that contention. "County Court expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal, and the court did not conflate that right with those automatically forfeited by a guilty plea" (People v McCrea, 140 AD3d 1655, 1655 [4th Dept 2016], lv denied 28 NY3d 933 [2016] [internal quotation marks omitted]; see generally People v Lopez, 6 NY3d 248, 256 [2006]). Defendant's further contention that the court failed to make an appropriate inquiry into his request for substitution of counsel "is encompassed by the plea and the waiver of the right to appeal except to the extent that the contention implicates the voluntariness of the plea" (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012] [internal quotation marks omitted]). In any event, "defendant abandoned that request when he decid[ed] . . . to plead guilty while still being represented by the same attorney' " (id.; see People v Guantero, 100 AD3d 1386, 1387 [4th Dept 2012], lv denied 21 NY3d 1004 [2013]). To the extent that defendant contends that he was denied effective assistance of counsel, such contention "does not survive his plea or the valid waiver of the right to appeal inasmuch as defendant failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance' " (People v Brinson, 151 AD3d 1726, 1726 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; see Morris, 94 AD3d at 1451).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court