People v Gardner (2018 NY Slip Op 04917)





People v Gardner


2018 NY Slip Op 04917


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


843 KA 17-00451

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY GARDNER, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered October 14, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sexual act in the first degree, sexual abuse in the first degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [1]), sexual abuse in the first degree (§ 130.65 [1]), and endangering the welfare of a child
(§ 260.10 [1]). We affirm. Although defendant's contention that County Court failed to apprehend the extent of its sentencing discretion survives his waiver of the right to appeal and does not require preservation for our review (see People v Dunham, 83 AD3d 1423, 1424-1425 [4th Dept 2011], lv denied 17 NY3d 794 [2011]), we conclude that defendant's contention lacks merit (see id.). The sentence imposed, a 3½-year determinate term of incarceration with an eight-year period of postrelease supervision, is in accordance with defendant's plea agreement and the court's sentence promise. Furthermore, the record establishes that, before defendant entered the guilty plea, the court properly advised him that the minimum sentence that it could impose was a 3½-year term of incarceration with a five-year period of postrelease supervision (see §§ 70.45 [2-a] [e]; 70.80 [4] [a] [ii]), and that, both before the plea was entered and before the imposition of sentence, defendant was repeatedly advised by the court that his sentence would include an eight-year period of postrelease supervision (cf. People v Davis, 115 AD3d 1239, 1239-1240
[4th Dept 2014]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court