People v Barr (2019 NY Slip Op 00773)





People v Barr


2019 NY Slip Op 00773


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1241 KA 13-02245

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GARLAND BARR, DEFENDANT-APPELLANT. 






CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered November 15, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant contends that his guilty plea was not knowingly, voluntarily, and intelligently entered because, at the time of the plea, County Court did not advise him that he would be sentenced as a second violent felony offender and failed to advise him of the right to a hearing to challenge the predicate felony statement. Although that contention survives defendant's valid waiver of the right to appeal (see People v Irby, 158 AD3d 1050, 1051 [4th Dept 2018], lv denied 31 NY3d 1014 [2018]), defendant failed to preserve his contention for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction on those grounds (see id.; see generally People v Conceicao, 26 NY3d 375, 381 [2015]), and we decline to exercise our power to review his contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends that the court failed to make an appropriate inquiry into his request for substitution of counsel. Initially, we note that defendant's contention is encompassed by his plea and his valid waiver of the right to appeal except to the extent that the contention implicates the voluntariness of the plea (see People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]). In any event, "defendant abandoned his request for new counsel when he decid[ed] . . . to plead guilty while still being represented by the same attorney' " (People v Guantero, 100 AD3d 1386, 1387 [4th Dept 2012], lv denied 21 NY3d 1004 [2013]; see People v Tyes, 160 AD3d 1447, 1448 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]). To the extent that defendant alleges ineffective assistance of counsel, that contention does not survive the plea and valid waiver of the right to appeal because defendant has not demonstrated that any allegedly ineffective assistance of counsel infected the plea bargaining process or that defendant entered the plea because of his attorney's allegedly poor performance (see Tyes, 160 AD3d at 1447).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court