People v Coleman (2019 NY Slip Op 09132)





People v Coleman


2019 NY Slip Op 09132


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1000 KA 15-01860

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES E. COLEMAN, II, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered June 4, 2015. The judgment convicted defendant upon his plea of guilty of burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [4]). We affirm.
Defendant contends that County Court failed to make an appropriate inquiry into his two requests for a substitution of counsel. Initially, we note that his contention " is encompassed by the plea and the [valid] waiver of the right to appeal except to the extent that the contention implicates the voluntariness of the plea' " (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]). Regardless, we conclude that "defendant abandoned his request for new counsel when he decid[ed] . . . to plead guilty while still being represented by the same attorney' " (People v Guantero, 100 AD3d 1386, 1387 [4th Dept 2012], lv denied 21 NY3d 1004 [2013]; see People v Barr, 169 AD3d 1427, 1427-1428 [4th Dept 2019], lv denied 33 NY3d 1028 [2019]; People v Kates, 162 AD3d 1627, 1629 [4th Dept 2018], lv denied 32 NY3d 1065 [2018]).
To the extent that defendant contends that he was denied effective assistance of counsel, that contention also does not survive the plea of guilty because defendant has not established that any deficiencies in defense counsel's performance infected the plea bargaining process or that defendant ultimately decided to enter the plea based on defense counsel's allegedly poor performance (see People v Ware, 159 AD3d 1401, 1402 [4th Dept 2018], lv denied 31 NY3d 112 [2018]; Morris, 94 AD3d at 1451). We note that defense counsel secured for defendant a favorable plea deal (see People v Booth, 158 AD3d 1253, 1255 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]), and that there is no reasonable probability that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (People v Yates, 173 AD3d 1849, 1850 [4th Dept 2019] [internal quotation marks omitted]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court